# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

BAY POINT PROPERTIES, INC.                                    PLAINTIFF

v.                                         Civil No. 1:17cv207-HSO-RHW

MISSISSIPPI TRANSPORTATION
COMMISSION, et al.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION [6] TO DISMISS

BEFORE THE COURT is the Motion [6] to Dismiss filed by Defendants Mississippi Transportation Commission ("MTC"), Mississippi Department of Transportation ("MDOT"), Dick Hall, Mike Tagert, Wayne H. Brown, Melinda McGrath, Larry "Butch" Brown, and Daniel B. Smith. Plaintiff Bay Point Properties, Inc. ("Bay Point") owns fourteen acres of land sitting on the eastern shore of the Bay of Saint Louis in Mississippi. However, the Mississippi State Highway Commission held a permanent easement over the land for highway purposes to facilitate the construction and maintenance of the eastern foot of the bridge spanning the bay. In 2005, Hurricane Katrina struck the Mississippi Gulf Coast, destroying the bridge. MTC and MDOT rebuilt the bridge, after which they decided to also construct a public park on the remainder of the property that fell within the geographic limits of the easement.

Bay Point sued MTC and MDOT in state court, arguing that construction of the park constituted a taking of Bay Point's land. A jury awarded Bay Point as

just compensation $500.00 in damages, and the Mississippi Supreme Court affirmed the judgment. Bay Point now brings this suit in federal court, seeking over $16 million in just compensation and a declaratory judgment that Defendants' actions and two Mississippi statutes are unconstitutional. Because Bay Point's claims are barred by the Eleventh Amendment to the United States Constitution, Defendants' Motion [6] to Dismiss should be granted. This case will be dismissed without prejudice for lack of jurisdiction.

I. BACKGROUND

A.   Factual Background

Bay Point is a Mississippi corporation that owns a 14.34 acre parcel of land in Pass Christian Isles, Mississippi. Compl. [1] ¶¶ 10, 20. This property sits at the eastern foot of the U.S. Highway 90 bridge that crosses the Bay of St. Louis in Mississippi. *Id.* Bay Point purchased the property from Wallace Walker on August 1, 1994. *Id.* ¶ 21. During Walker's ownership of the property, on May 27, 1952, he granted the Mississippi State Highway Commission, which was the predecessor to MTC, an easement over the property for highway purposes. *Id.* ¶ 24. The easement was obtained for the specific purpose constructing "Toll Project No. 1," the bridge crossing the Bay of St. Louis between the cities of Pass Christian and Bay St. Louis. *Id.*

After the easement was granted, MTC and MDOT operated Toll Project No. 1 for more than fifty years until Hurricane Katrina destroyed the bridge on August 29, 2005. *Id.* ¶ 26. MTC and MDOT chose not to rebuild Toll Project No. 1, but

2

rather demolished and removed it. *Id.* ¶ 27. MTC and MDOT decided to relocate the bridge and selected a different roadbed for the new U.S. Highway 90, and thus the bridge, which required the establishment of a new right-of-way and the acquisition of additional property. *Id.* ¶ 28. Ultimately, MTC and MDOT used 4.6 acres of Bay Point's tract of land to build the new highway, bridge, and its necessary right-of-way. *Id.* ¶ 30.

After completion of the new bridge, MTC and MDOT elected to construct a recreational park on the remainder of the property that was not used for the new bridge but was still subject to the easement. *Id.* ¶ 31. The park was built on the abandoned roadbed of the discontinued Toll Project No. 1. *Id.* ¶ 32. In its minutes dated November 10, 2009, MTC authorized MDOT to enter into a Memorandum of Agreement on behalf of MTC with Harrison County regarding the financing, construction, and operation of the park on Bay Point's property. *Id.* ¶ 36. Under the Memorandum, MTC would construct the park and Harrison County would operate and maintain it. *Id.* ¶ 38.

When Bay Point learned of MTC and MDOT's intention to construct the park, it sent a letter to MTC and MDOT on November 20, 2009, objecting to the park's construction and demanding that construction cease. *Id.* ¶ 40. On December 2, 2009, Defendant Daniel Smith, Administrator of the Right-of-Way Division of MDOT, emailed Bay Point requesting to discuss the issue. *Id.* ¶ 41. Ultimately, MTC took the position that the original easement had not been abandoned and that Mississippi Code section 65-1-51 authorized it to construct the park on the property

3

in question under the existing easement. *Id.* ¶ 48. Section 65-1-51 states, in relevant part, that the MTC "may acquire and have the Transportation Department develop publicly owned and controlled rest and recreation areas and sanitary and other facilities within or adjacent to the highway right-of-way reasonably necessary to accommodate the traveling public." Miss. Code. Ann. § 65-1-51. MTC informed Bay Point that it intended to build the park and would not purchase the property from Bay Point. Compl. [1] ¶ 48. The park has been completed and is currently being operated by Harrison County. *Id.* ¶ 51.

B. <u>Procedural History</u>

　　1. <u>Bay Point's state-court jury trial and appeal</u>

On April 1, 2011, Bay Point filed an inverse condemnation suit against MTC and MDOT in the Circuit Court of Harrison County, Mississippi. *Id.* ¶ 53. A jury trial took place from August 5 to August 13, 2013. *Id.* ¶ 54. The jury returned a verdict in favor of Bay Point on its inverse condemnation claim, finding that the use of the property was not for highway purposes and that there was a taking of Bay Point's property for public use. *Id.* ¶ 57. The trial court instructed the jury that unless it found that MTC had released the easement on its minutes, MTC retained the easement and the jury could award Bay Point a sum of money not to exceed a nominal sum supported by the evidence in the case. *Id.* ¶¶ 55, 58. The jury determined that the easement continued to encumber the property, Miss. Sup. Ct. Op. [1-1] at 1-2, and awarded Bay Point $500.00 in damages, Compl. [1] ¶ 59. The trial court denied Bay Point's motion for attorneys' fees and costs, and entered a

Final Judgment on January 8, 2014. *Id.* ¶ 60.

Bay Point appealed the trial court's Final Judgment to the Supreme Court of Mississippi, *id.* ¶ 61, which affirmed the merits[1] of the Final Judgment on July 21, 2016, *id.* ¶ 62. After the Supreme Court of Mississippi resolved Bay Point's appeal, on March 3, 2017, Bay Point filed a petition for a writ of certiorari with the United States Supreme Court, which denied Bay Point's petition on June 26, 2017. Compl. [1] ¶ 63-64.

2. Bay Point's Complaint in federal court

On July 21, 2017, Bay Point filed a Complaint [1] in this Court pursuant to 42 U.S.C. § 1983, advancing several claims for constitutional violations. The Complaint names as Defendants MTC, MDOT, Mike Tagert and Tom King, in their capacities as Mississippi Transportation Commissioners, Wayne Brown and William Minor, in their capacities as former Mississippi Transportation Commissioners, Melinda McGrath, in her capacity as Executive Director of the MDOT, Larry "Butch" Brown, in his capacity as former Executive Director of MDOT, and Daniel Smith, in his capacity as Administrator of the Right-of-Way Division of MDOT. Compl. [1].

Counts I, II, and VI of the Complaint bring takings, substantive due process, and unreasonable seizure claims, respectively. Compl. [1] at 19. These claims rest upon similar grounds, specifically, that Defendants physically invaded Bay Point's property and destroyed Bay Point's property rights without just

---
[1] The Mississippi Supreme Court reversed that portion of the judgment which denied Bay Point's motion for attorneys' fees and costs, and remanded that single issue to the circuit court. *Id.* ¶ 62.

5

compensation. Bay Point alleges that when MTC and MDOT discontinued Toll Project No. 1, the purpose of the easement was terminated and the property was no longer burdened by the easement under common law. *Id*. at 79. MTC was then mandated to release the easement on its minutes under Mississippi Code section 65-1-123. Alternatively, Bay Point claims that section 65-1-123 cannot be applied retroactively to the easement created in 1952. Bay Point contends that Defendants' enforcement of Mississippi Code sections 65-1-123 and 65-1-51 to take Bay Point's land without just compensation is unconstitutional.

In Count III advances a procedural due process claim, Compl. [1] at 34, and Count IV alleges a violation of equal protection, *id*. at 35. Bay Point claims that Defendants violated the Contracts Clause of the Fourteenth Amendment in Count V on grounds that Mississippi Code section 65-1-123(5)-(7) was not added to the statute until 1988, and Defendants cannot retroactively apply that statute to impair Bay Point's rights under the easement since it was executed in 1952. Compl. [1] at 37-38.

Count VII asserts a violation of 42 U.S.C. § 1983 and claims that Defendants violated Bay Point's constitutional rights by taking its property without just compensation, Compl. [1] at 39, while Count VIII advances a claim for unjust enrichment/constructive trust. Bay Point asserts that it is the owner of the underlying fee interest in the property and that Defendants will be unjustly enriched if they continue to possess Bay Point's property for a purpose different from that for which the easement was granted. Compl. [1] at 43.

Finally, Count IX seeks declaratory relief and asks the Court to declare Mississippi Code sections 65-1-123 and 65-1-51 unconstitutional facially and as applied to Bay Point. Compl. [1] at 44, 46. Bay Point's prayer for relief asks the Court to declare that Defendants' enforcement of Mississippi Code sections 65-1-123 and 65-1-51 violates the Takings Clause, Due Process Clause, the Equal Protection Clause, and the Contracts Clause of the Constitution. Compl. [1] at 47. Bay Point seeks actual damages and just compensation in the amount of $16,214,926.00. *Id.* at 47-48.

3. Defendants' Motion [6] to Dismiss

On September 1, 2017, Defendants filed a Motion [6] to Dismiss, seeking dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and asserting that Bay Point's claims are barred by the Eleventh Amendment because all Defendants are state agencies or officials named in their official capacities and no consent has been given for this suit. Defs.' Mem. [7] at 5. Defendants also raise several arguments under Federal Rule of Civil Procedure 12(b)(6) that the Complaint fails to state a claim upon which relief can be granted. Defendants assert that Bay Point cannot pursue a § 1983 claim against them because, as state agencies and officials acting in their official capacities, they are not suable "persons" under 42 U.S.C. § 1983. *Id.* at 8. Defendants further contend that Bay Point's claims are barred by the doctrine of res judicata because both the state court suit and this case involve the construction of the park and Bay Point's claim for damages for the alleged taking of its property. *Id.* at 4-5.

7

Defendants next argue that the applicable statutes of limitations bar Bay Point's claims, except for the unjust enrichment claim. *Id.* at 6.

Defendants posit that all of Bay Point's constitutional, declaratory relief, and § 1983 claims are governed by a three-year statute of limitations and note that Bay Point filed its Complaint in this Court on July 21, 2017, *id.* at 6-7, while the limitations period commenced on April 15, 2010, when MDOT notified Bay Point that it planned to continue public use of the easement, *id.* at 7. Lastly, Defendants contend that Bay Point has not stated a claim for unjust enrichment because Defendants paid for their property interests by purchasing a permanent easement and paying the judgment awarded by the jury. *Id.* at 9.

Bay Point counters that the Eleventh Amendment does not bar suits against state officials in their official capacities for an ongoing violation of federal law that seek prospective declaratory relief. Pl.'s Resp. [28] at 25. Bay Point contends that all Defendants are proper "persons" under 42 U.S.C. § 1983 on grounds that it sued the individual Defendants in their personal capacities and all Defendants are proper persons when declaratory relief is sought, *id.* at 29-30, and that its Complaint is not precluded by res judicata, *id.* at 7-10. Bay Point agrees with Defendants that all of its claims with the exception of the unjust enrichment claim are governed by a three-year statute of limitations, but takes the position that its claims did not accrue until the United States Supreme Court denied the petition for writ of certiorari on June 26, 2017. *Id.* at 26. Lastly, Bay Point contends that it is entitled to relief on its unjust enrichment claim because it still owns title to the

8

underlying fee interest in the property and Defendants have been unjustly enriched by using the property. *Id.* at 33-34.

## II. DISCUSSION

A. Legal standard

Defendants' argument that Bay Point's claims should be dismissed on Eleventh Amendment immunity grounds is a challenge to the Court's subject-matter jurisdiction that is evaluated under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject[-]matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). When the Court's subject-matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The Court has the power to dismiss a complaint for lack of subject-matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *Spitzberg v. Houston Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir.

9

2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). This tenet, however, is inapplicable to legal conclusions. *Id.* (citation omitted).

B. <u>Analysis</u>

    1. <u>Immunity under the Eleventh Amendment</u>

        a. <u>MTC and MDOT, as state agencies, are immune from Bay Point's claims.</u>

Defendants assert that this Court lacks subject-matter jurisdiction over Bay Point's claims on grounds that they are immune from suit under the Eleventh Amendment to the United States Constitution. Defs.' Mem. [7] at 5-6. The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

"Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). A nonconsenting state is immune from suits brought in federal court by the state's own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Eleventh Amendment immunity extends to any state agency or other

10

political entity that is deemed an "arm" of the state. *Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1997).

Bay Point alleges that both MTC and MDOT are agencies of the State of Mississippi. Compl. [1] at ¶ 11-12; *see also* Miss. Code Ann. § 65-1-2 (designating MDOT as a "state agency" under statute creating the department); *Stuckey v. Mississippi Transp. Comm'n*, No. 3:07CV639TLS-JCS, 2009 WL 230032, at *1-2 (S.D. Miss. Jan. 29, 2009) (finding that MTC is an arm of the State). MTC and MDOT are state agencies, and there is nothing in the record to indicate that MTC or MDOT have consented to this suit in federal court. Therefore, the Eleventh Amendment bars all of Bay Point's claims against MTC and MDOT, and these Defendants will be dismissed from this civil action.

        b.    <u>The Eleventh Amendment bars Bay Point's claims against the individual Defendants because Bay Point seeks monetary and retrospective relief.</u>

The remaining Defendants are all state officials of MTC or MDOT who are being sued in their official capacities. *See* Compl. [1] at 1. While Bay Point argues in its Response that it has sued the individual Defendants in their individual capacities, looking to the Complaint, the case caption clearly identifies all of the individual Defendants as sued in their "capacit[ies] as Mississippi Transportation Commissioner, . . . Executive Director of the Mississippi Department of Transportation," or "Administrator of the Right-of-Way Division" of the MDOT. Compl. [1] at 1. The Complaint does not mention "individual capacity" or "personal capacity" with respect to these named Defendants. Bay

11

Point is represented by counsel such that it is not entitled to the liberal construction of its pleadings normally accorded to a pro se litigant. *Cf. Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Even construing Bay Point's pleading as ambiguous as to whether the individual Defendants are being sued in their official or individual capacities, when a complaint does not clearly specify such capacity, "'[t]he course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). "In assessing the 'course of proceedings,' courts consider several factors including the contentions made in the parties' briefs, the substance of the complaint, and the nature of the relief a plaintiff seeks." *McPhail v. City of Jackson*, No. 3:13CV146-HSO-RHW, 2014 WL 2819026, at *5 (S.D. Miss. June 23, 2014).

Bay Point does contend in its brief that it has sued the individual Defendants in their personal capacities. But the procedural history of this case, the substance of the Complaint, and relief sought by Bay Point demonstrate otherwise. In state court, Bay Point only sued the MTC and MDOT, and did not sue any of the individual Defendants. Looking to the substance of the Complaint, the Complaint alleges that the easement over the property was granted to the Mississippi State Highway Commission, which was the predecessor to MTC, that MTC constructed the park on Bay Point's property, and that the jury found that MTC took Bay Point's property but that MTC had not abandoned the easement. "Official-capacity suits generally represent only another way of pleading an action against an entity

12

of which an officer is an agent." *Graham*, 473 U.S. at 165 (citation, quotation marks, and ellipses omitted). Bay Point has claimed that it has been injured by MTC's retention of the easement, and the substance of the Complaint does not allege personal liability on the part of the individual Defendants.

"Personal-capacity suits seek to impose personal liability," and "an award of damages against an official in his personal capacity can be executed only against the official's personal assets." *Graham*, 473 U.S. at 165, 166. Here, however, Bay Point seeks an award of damages for just compensation for the taking, an award that would not come from the individual Defendants' personal assets, but rather from the State's purse. Moreover, Bay Point does not plead for punitive damages in its Complaint, which are only "available in a suit against an official personally." *Graham*, 473 U.S. at 167 n.13. Bay Point has not pleaded that it is seeking to impose personal liability on the individual Defendants.

    c.  <u>The *Ex parte Young* exception does not apply to this case.</u>

Bay Point contends that it can nevertheless proceed on its claims for declaratory relief against the state officials in their official capacities. Pl.'s Resp. [28] at 24. Under the Supreme Court's exception to the Eleventh Amendment created in *Ex parte Young*, a suit challenging the constitutionality of a state official's action in enforcing state law is not a suit against the state. 209 U.S. 123, 159-60 (1908). *Ex parte Young* held that Eleventh Amendment immunity does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law in claims against state officials sued in their

13

official capacities. *Id.* at 155-56. Permissible suits under *Ex parte Young* are confined to cases where "the relief sought" is "declaratory or injunctive in nature and prospective in effect." *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

The Supreme Court has "refused to extend the reasoning of *Young,* however, to claims for retrospective relief." *Green v. Mansour*, 474 U.S. 64, 68 (1985). *Ex parte Young* cannot be used, for instance, to obtain an injunction requiring the payment of funds from the state's treasury or an order for specific performance of a state's contract. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 256-57 (2011). Nor does *Ex parte Young* apply to cases where "federal law has been violated at one time or over a period of time in the past," or to "cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation." *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). The *Ex parte Young* exception is also not available "if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else." *Id.* at 278.

Stated more broadly, the *Ex parte Young* exception does not apply when the state is the real, substantial party in interest. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). The "general criterion for determining when a suit is in fact against the sovereign is the *effect* of the relief sought." *Id.* at 107 (emphasis in original). In determining whether the *Ex parte Young* exception applies to a suit, "a court need only conduct a straightforward inquiry into whether

14

the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation and quotation marks omitted). Here, Bay Point advances claims seeking actual damages and a monetary award for just compensation. Because an award of such damages would come from the State's treasury, these claims are barred.

Bay Point also seeks declaratory relief, requesting the Court enter a declaratory judgment adjudicating Mississippi Code sections 65-1-51 and 65-1-123 unconstitutional. Compl. [1] ¶ 205. A review of Bay Point's Complaint reveals that it is seeking relief that is not prospective in nature. The substance of Bay Point's allegations with respect to the claim for declaratory relief are that Defendants have applied Mississippi Code sections 65-1-51 and 65-1-123 "to preclude Plaintiff from recovering just compensation," and "to award Bay Point only a nominal sum of $500 in damages, rather than the just compensation due of $16,214,926." Compl. [1] ¶¶ 198-202. These allegations indicate that Bay Point seeks declaratory relief in order to receive greater compensation and money damages than it did in state court based upon a past violation of federal law. *Ex parte Young* does not apply in such a situation.

The retrospective nature of Bay Point's requested relief is made clear by its Response in Opposition to Defendants' Motion to Dismiss, in which Bay Point asserts that it seeks declaratory relief because Defendants have applied the Mississippi statutes "to preclude Plaintiff from recovering just compensation" for

15

the taking.  Pl.'s Mem. [28] at 25.  Moreover, Bay Point asserts that "the Eleventh Amendment should not immunize Defendants from the obligation to pay just compensation."  *Id.* at 26.  In other words, Bay Point has acknowledged that with regard to its requested injunctive relief, the only effect it seeks is to require the State to pay over $16 million in compensation.

Furthermore, with regard to the request for declaratory relief, Bay Point posits that "[t]here is a justiciable controversy in this case as to whether Defendants can retroactively apply Miss. Code Ann. § 65-1-123 to expand the right of MTC to use property beyond the scope of highway easements limited to specific purposes" and as to whether Defendants have applied the Mississippi statutes "so that private property can be used by the public for entirely different purposes than the one use permitted under an existing specific highway easement without the payment of just compensation."  Compl. [1] ¶¶203-04.

These assertions do not allege an ongoing violation of federal law, rather, they speak in terms of actions that have occurred in the past.  Defendants' application of these statutes to Bay Point occurred in the past, when Defendants constructed the park on Bay Point's property and when the jury determined during the state court proceedings that the easement continued to encumber the property. The controversy regarding MTC's use of the property beyond a highway purpose has already occurred and has been adjudicated by both a state trial court and the State's highest court.

Bay Point does also maintain that Defendants' "ongoing, physical invasion" of

16

Bay Point's property violates the Constitution. Pl.'s Resp. [28] at 25. Even if the Court were to construe Defendants' continued operation of the park as an ongoing violation of federal law, Bay Point still has not shown enough to avoid the Eleventh Amendment bar to its suit. Bay Point must allege an ongoing violation of federal law *and* seek relief that is prospective in nature. *Verizon*, 535 U.S. at 645. In other words, Bay Point must seek relief that will govern the future conduct of Defendants. *See Pennhurst,* 465 U.S. at 102-03. Bay Point's request for declaratory relief does not seek to enjoin Defendants from taking any action in the future, and Bay Point does not allege that it faces a threatened future injury from Defendants' application of these statutes.

If Bay Point's request is construed as seeking to enjoin Defendants from operating the park and from relying on the MTC minutes to maintain that the easement has not been terminated, and requiring Defendants to look to common law at the time of the grant of the easement, under the particular circumstances of this case such relief remains nonetheless retrospective. A Mississippi trial court applied the statutes Bay Point now challenges and a jury accordingly found that the easement had not been terminated, thus the property was still encumbered. The Supreme Court of Mississippi affirmed that verdict. Declaring the Mississippi statutes unconstitutional would have the effect of nulling the state court judgment. Bay Point's chief complaint is that it believes that it has been injured by receiving only $500.00 in just compensation. But to the extent Bay Point claims that it has been harmed by the jury's award, that injury has already occurred, and undoing

that verdict would in effect afford Bay Point retrospective, not prospective, relief.

Bay Point's claims in this regard cannot avoid Defendants' Eleventh Amendment immunity, and this Court must dismiss them because it lacks jurisdiction to adjudicate them. Because the basis for the dismissal is this Court's lack of subject-matter jurisdiction due to the Eleventh Amendment, the dismissal will be without prejudice. *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Mississippi Transportation Commission, Mississippi Department of Transportation, Dick Hall, Mike Tagert, Wayne H. Brown, Melinda McGrath, Larry "Butch" Brown, and Daniel B. Smith's Motion [6] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** on grounds of Eleventh Amendment immunity.

**SO ORDERED AND ADJUDGED**, this the 20th day of August, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE